**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-1029**

TIFFANY M. BURNETT,

Plaintiff – Appellant,

v.

ASTRAZENECA PHARMACEUTICALS LP,

Defendant – Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Lisa W. Wang, Court of International Trade Judge, sitting by designation. (8:22-cv-03335-LWW)

Submitted: November 24, 2025                    Decided: March 20, 2026

Before DIAZ, Chief Judge, GREGORY, Circuit Judge, and Gina M. GROH, United States District Judge for the Northern District of West Virginia, sitting by designation.

Affirmed by unpublished opinion. Judge Groh wrote the opinion, in which Chief Judge Diaz and Judge Gregory joined.

**ON BRIEF:** Pamela L. Ashby, JACKSON & ASSOCIATES LAW FIRM, LLC, Upper Marlboro, Maryland, for Appellant. Lincoln O. Bisbee, New York, New York, Bryan Killian, Brendan J. Anderson, Mathew J. McKenna, MORGAN, LEWIS & BOCKIUS LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

GROH, District Judge:

In this employment case, Tiffany Burnett asks us to consider whether the district court incorrectly granted her former employer's motion for summary judgment. Ms. Burnett worked for AstraZeneca from 2013 until it terminated her employment on November 4, 2019. Although the complaint contained eight counts, only Ms. Burnett's claims for retaliation and violations of the Equal Pay Act are before us.

I.

We must first address the record in this case. Ms. Burnett's response to the motion for summary judgment was untimely filed, and AstraZeneca moved the district court to strike it. The district court granted AstraZeneca's motion and struck Ms. Burnett's response. However, the court still considered Ms. Burnett's timely filed cover opposition, statement of material facts in dispute, exhibits, and proposed order. J.A. 989. The district court's ruling on AstraZeneca's motion to strike is not part of this appeal. We therefore consider Ms. Burnett's arguments on appeal within the confines of the record accepted and utilized by the district court that is unchallenged before us.

II.

Our review of a district court's grant of summary judgment is *de novo. French v. Assurance Co. of Am.,* 448 F.3d 693, 700 (4th Cir. 2006). "Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.*; Fed. R. Civ. P. 56(a). "To create a genuine issue for trial, 'the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla

2

of evidence.'" *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (June 24, 2015) (quoting *Dash v. Mayweather,* 731 F.3d 303, 311 (4th Cir.2013)).

### III.

"To make a prima facie claim of retaliation, a plaintiff must show: (1) that she engaged in protected activity, (2) that the employer took a materially adverse action against her and (3) there is a causal connection between the protected activity and the adverse action." *Evans v. Int'l Paper Co.*, 936 F.3d 183, 195 (4th Cir. 2019) (citing *Burlington N. & S.F.R. Co. v. White*, 548 U.S. 53, 61–68 (2006); *King v. Rumsfeld*, 328 F.3d 145, 150–51 (4th Cir. 2003)).

Ms. Burnett presents two retaliation theories. First, she claims that after complaining about her pay, AstraZeneca retaliated by firing her. Second, she avers that it retaliated against her by barring her from finding another position. The facts support neither theory.

AstraZeneca reorganized Ms. Burnett's team in 2019. J.A. 142. Because Ms. Burnett was not selected to become part of the new team, AstraZeneca gave her 60 days to find another position. J.A. 142–43. Similarly situated individuals received the same deal. *Id.*; J.A. 37–38. However, Ms. Burnett received a dedicated internal recruiter to assist her with her job search even though none of the other employees displaced by the reorganization received one. J.A. 38.

Ten days after receiving her 60-day notice, Ms. Burnett emailed AstraZeneca's general counsel to raise allegations of pay inequity and retaliation. J.A. 183–85. Ms. Burnett only applied to a few positions, and they were all in research and development. J.A. 735–37; J.A. 744. She did not find another position, so AstraZeneca terminated her—

3

just like it told her it would. J.A. 38. The district court held that Ms. Burnett failed to establish any causal connection between her email to AstraZeneca's General Counsel (the protected activity) on September 9, 2019, and her termination from the company on November 1, 2019. J.A. 1006-07.

When a company tells an employee that it is going to follow specific steps regarding an employee's termination, and then it follows the plan it outlined, courts cannot presume that the company fired the employee in retaliation for some intervening protected activity. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272 (2001). That is the exact fact pattern this case presents. In short, Ms. Burnett fails to show retaliation caused her firing.

Nor has she shown that AstraZeneca retaliated against her by preventing her from securing another role in the company. If anything, AstraZeneca gave Ms. Burnett extra help when compared to others. Sanne Bellemans, whom Ms. Burnett claims retaliated against her, was not involved in research and development hiring. J.A. 943–44. Ms. Burnett has not cited any evidence beyond her own speculation that Bellemans played any role in "prevent[ing] her from obtaining another position." Appellant's Br. at 22.

Ms. Burnett similarly fails to establish that the individuals who made hiring decisions in research and development knew about her pay-equity complaint when they did not hire her for those positions. Accordingly, Ms. Burnett cannot adequately make a claim that those hiring managers selected other candidates to retaliate against her. *See Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 122 (4th Cir. 2021) (knowledge of the protected activity by the decisionmaker "is absolutely necessary to establish . . . a prima facie case." (citation omitted)).

The district court correctly found that Ms. Burnett presented no evidence of retaliation beyond her own mere speculation. Because no evidence of retaliation exists, AstraZeneca was entitled to judgment as a matter of law.

IV.

Ms. Burnett's Equal Pay Act claim is even more straightforward than her retaliation claim. A plaintiff must identify an employee of the opposite sex who was paid more "for equal work" for a position "requiring equal skill, effort, and responsibility," "performed under similar working conditions." *U.S. Equal Opp. Employment Comm'n v. Md. Ins. Admin.*, 879 F.3d 114, 120 (4th Cir. 2018). "[I]t is not enough to simply show that the comparators hold the same title and the same general responsibility as the plaintiff." *Evans,* 936 F.3d at 196 (citing *Spencer v. Virginia State Univ.*, 919 F.3d 199, 204 (4th Cir. 2019); *Wheatley v. Wicomico Cty., Maryland*, 390 F.3d 328, 332–33 (4th Cir. 2004)). Indeed, the plaintiff and comparators "must have virtually identical jobs." *Id.* (citing *Wheatley*, at 333).

The two comparators Ms. Burnett presses on appeal worked in AstraZeneca's research and development division. Ms. Burnett worked in the commercial division from 2017 onward. J.A. 35. Commercial division project managers where Ms. Burnett worked focus on marketing, but project managers in research and development manage clinical and scientific studies. J.A. 31. Within the limitations period of March 2019 onward, Ms. Burnett's chosen comparators' jobs were not comparable to hers.

Ms. Burnett does not dispute this. Instead, she argues that we should consider evidence from 2016, when she worked in research and development. Appellant's Br. at 27. But "[t]he relevant question . . . is whether *during the statutory time period*, the plaintiff

5

was being paid less on account of her sex." *Brinkley-Obu v. Hughes Training, Inc.*, 36 F.3d 336, 345 (1994) (emphasis added). Even if Ms. Burnett's evidence were persuasive, it would have no bearing on whether she was paid less on account of her sex in 2019. She cites no fact raising such an inference, and our review of the record reveals none. The district court thus properly found no Equal Pay Act violation.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid our decision-making process.

*          *          *

For the foregoing reasons, we affirm the judgment of the district court.

*AFFIRMED*